HOLLAND & KNIGHT LLP
Linda Auerbach Allderdice (CA Bar No. 81275)
Timothy M. Fisher (CA Bar No. 272392)
400 South Hope Street, 8th Floor
Los Angeles, California 90071
Telephone: 213.896.2400
Facsimile: 213.896.2450
E-mail: linda.allderdice@hklaw.com
         timothy.fisher@hklaw.com

Attorneys for Defendant
TREES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, an individual, | CASE NO. |
| Plaintiff, | NOTICE OF DEFENDANT TREES, INC. OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1441 AND 1446 |
| vs. | |
| TREES, INC. and DOES 1 to 100, inclusive, | [DECLARATION OF TIMOTHY MARK FISHER IN SUPPORT THEREOF FILED CONCURRENTLY HEREWITH] |
| Defendant. | |
| | Trial Date: None set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, Defendant TREES. INC., ("Defendant") hereby removes to the United States District Court for the Eastern District of California, Fresno Division, the above-styled action, pending as Case No. 13CECG01621 KCK in the Superior Court of the State of California in and for the County of Fresno. Removal is based upon the following grounds:[1]

---

[1] A notice of removal such as the instant pleading must, by rule, be a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Defendant respectfully reserves its right to submit evidence in support of its factual allegations in response to any challenge to removal and federal question or diversity jurisdiction in this matter. *See Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 n.1 (9th Cir. 2002); *Conley v. Kemper Ins. Companies,* 2005 WL 2230153 *2 n. 1 (N.D. Cal. Sept. 12, 2005).

1
NOTICE OF DEFENDANT TREES, INC. OF REMOVAL OF STATE COURT ACTION TO FEDERAL COURT

## I. Procedural Background

1.  On May 22, 2013, Plaintiff Joshua Taylor ("Plaintiff") filed a complaint against Defendant in the Superior Court of the State of California in and for the County of Fresno ("Complaint"). The Complaint is captioned *Joshua Taylor v. Trees, Inc.,* in Case No. 13CECG01621 KCK, and was assigned to the Honorable Kristi Culver Kapetan. The Complaint alleges four cause of action against Defendant, respectively, as follows: the first cause of action for "disability discrimination" under the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code §12940(j); the second cause of action for "failure to engage in the interactive process" under the FEHA, Cal. Gov't Code §12940(n); the third cause of action for "failure to accommodate" under FEHA, Cal. Gov't Code §12940(m); and the fourth cause of action for "denial of rights" pursuant to the California Family Rights Act and the federal Family Medical Leave Act (FMLA). *See* Declaration of Timothy Mark Fisher ["Fisher Declaration"], at ¶ 4, and Exhibit "B" attached thereto and incorporated therein (containing all process, pleadings, orders, and other papers served on Defendant in the state court action, including the Complaint).

## II. Jurisdictional Statement

2.  This is a civil case in which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332. The Complaint asserts two separate and independent grounds for removal.

3.  First, under federal question jurisdiction, in the fourth cause of action, Plaintiff alleged a violation of the federal FMLA, 29 U.S.C. § 2601 (1993), and, accordingly, this action is removable under 28 U.S.C. § 1441(a).

4.  Second, as a separate and independent ground for removal, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action satisfies the requirements for jurisdiction under 28 U.S.C. § 1332(a) in that: (1) the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the requisite diversity exists.

5.  <u>Amount in Controversy Exceeds $75,000</u>: Plaintiff filed this case in state court as an unlimited jurisdiction matter (*i.e.,* Plaintiff alleges that the amount in controversy exceeds $25,000). Plaintiff's Complaint, however, does not specify a monetary demand. (*See* Complaint, *in passim.*) Where a plaintiff's state court complaint is silent as to the specific amount of damages claimed, the

removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *See Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996). Further, the amount-in-controversy requirement "is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 2008 U.S. Dist. LEXIS 15134 at * 12 (E.D. Cal. Feb. 27, 2008); *see also Lewis v. Verizon Communications, Inc.*, 627 F.3d 395,400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of... liability").

6. Here, Plaintiff's amount in controversy plainly exceeds $75,000, as Plaintiff has recently valued the matter in controversy in excess of the sum or value of $75,000.00. Fisher Declaration, at ¶ 2. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102 (S.D. Cal. 2003) (in case involving removal of discrimination claims under the FEHA, settlement demand which reflected a reasonable estimate of plaintiff's damages established requisite amount in controversy).

7. Furthermore, the nature of the claims and the damages and attorneys' fees that may potentially be recovered demonstrate that the jurisdictional amount is established. In *Wysinger v. Automobile Club of Southern California*, 157 Cal. App. 4th 413 (2007), a case cited by Plaintiff in the Complaint in connection with the second cause of action for "failure to engage in the interactive process," the court affirmed a jury verdict award under the FEHA for punitive damages of $1,000,000 and an award of attorneys' fee in the amount of $978,791, in addition to an award of economic losses and emotional distress damages. As this case was cited by Plaintiff in the Complaint, it demonstrates the value or sum placed by Plaintiff on the matter in controversy.

8. <u>The Requisite Diversity Exists</u>: Complete diversity exists pursuant to 28 U.S.C. § 1332(a) and (c), and 28 U.S.C. § 1441(b).

9. At the time of the filing of the state court action and at the time of this removal, Plaintiff was and is a United States citizen domiciled in Fresno County, California. Accordingly, Plaintiff is a citizen of California for purposes of diversity jurisdiction.

10. Pursuant to 28 U.S.C. § 1332(c), a corporation is a citizen of the state under whose laws it is organized or incorporated, and the state of its "principal place of business." Defendant is presently, and was at the time the Complaint was filed, a Delaware corporation, with its principal place of business in Willow Grove, Pennsylvania. *See* Fisher Declaration, ¶ 3, and Exhibit "A" attached thereto and incorporated therein.[2] Accordingly, Defendant is a citizen of Delaware and Pennsylvania and not of California.

11. Because Defendant is a citizen of Delaware and Pennsylvania and the Plaintiff is a citizen of California, complete diversity exists at this time, and at the time that this action was filed.

12. The "Doe defendants" are disregarded for purposes of establishing diversity jurisdiction. 28 U.S.C. § 1441(a) ("For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded."). *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 - 91 (9th Cir. 1998) (applying rule that Doe defendants do not defeat diversity for removal jurisdiction). Here, the Doe defendants, "Does 1 - 100," are described generally and are not identified with particularity. (Complaint, ¶ 3, p. 1 line 26 to page 2 line 3.) Accordingly, the alleged Doe defendants do not defeat diversity jurisdiction.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(a).

### III. Removal Procedure

14. <u>Pleadings and Process</u>: Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, orders, and other papers served on Defendant in the state court action, including the Complaint, are attached collectively as Exhibit "B" to the accompanying Fisher Declaration. *See* Fisher Declaration at ¶4 and Exhibit "B" attached thereto and incorporated therein.

15. <u>Removal is Timely</u>: A Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) if it is filed within 30 days of Defendant's receipt of the initial pleading. "Receipt" of the complaint means proper service as required by state law, and any other means of "receipt" is insufficient to trigger the removal period. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344,

---

[2] Defendant respectfully requests this Court to take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence of the confirmation by the Secretary of State for California of the report of Defendant's official registration with the California Secretary of State.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400  Fax: 213.896.2450

347 (1999) (holding that faxed file-stamped copy of complaint did not trigger removal period). Here, Defendant was served personally on June 3, 2013. Defendant files this Notice of Removal within 30 days of Plaintiff's filing of the Complaint and service of that Complaint, and within the deadline set forth in 28 U.S.C. § 1446(b).

16. <u>Removal to Proper Court</u>: This Court is the proper court for removal as it is part of the "district and division embracing the place where" the Complaint was filed – Fresno County, California. 28 U.S.C. § 1446(a).

17. <u>Filing and Service</u>: Defendant will promptly serve a copy of this Notice of Removal on Plaintiff and will file a copy of this Notice of Removal, along with the Notice of Filing of Notice of Removal, with the clerk of the Fresno County Superior Court pursuant to 28 U.S.C. § 1446(d).

18. <u>No Waiver</u>: By filing this Notice of Removal, Defendant does not waive any defenses available to it, including, but not limited to, defenses for lack of jurisdiction over the person, improper venue, insufficiency of process or insufficiency of service of process. *See Dielsi v. Falk*, 916 F. Supp. 985, 994 (C.D. Cal. 1996).

19. <u>Notice of Related Cases</u>: Pursuant to Eastern Dist. LR 123(a) (renumbered 12/1/09), Defendant is currently unaware of any related cases before the District Court for the Eastern District of California.

**WHEREFORE**, Defendant removes the original action, now pending in the Superior Court of the State of California in and for the County of Fresno, to the United States District Court for the Eastern District of California, Fresno Division.

Dated: July 1, 2013                     HOLLAND & KNIGHT LLP


                                        By:_____/S/ Timothy M. Fisher_____
                                             Linda Auerbach Allderdice
                                             Timothy M. Fisher

                                        Attorneys for Defendant
                                        TREES, INC.