RICHARD J. KERN (State Bar No. 083485)
**PARKER, KERN, NARD & WENZEL**
1111 East Herndon, Suite 202
Fresno, California  93720
Telephone: (559) 449-2558
Facsimile:  (559) 449-2564

Attorneys for Plaintiff, JOSHUA TAYLOR

LINDA AUERBACH ALLDERDICE (State Bar No. 081275)
TIMOTHY M. FISHER (State Bar No. 272392)
**HOLLAND & KNIGHT LLP**
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone: (213) 896-2400
Facsimile:  (213) 896-2450

Attorneys for Defendant, TREES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOSHUA TAYLOR, | Case No.: 1:13-cv-01019-AWI-MJS |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF MATERIALS IN DISCOVERY** |
| vs. | |
| TREES, INC., and DOES 1 to 100, inclusive, | Trial Date:  None set |
| Defendants. | |

This Stipulated Protective Order ("Order") is entered into by and among Plaintiff Joshua Taylor ("Plaintiff" or "Taylor") and Defendant Trees, Inc. ("Defendant" or "Trees") (collectively, the "Parties," individually but non-specifically, a "Party").

WHEREAS on May 22, 2013, Plaintiff commenced the above captioned action (the "Action") by filing a Complaint in the Superior Court of California for the County of Fresno, and on July 1, 2013, Defendant removed the Action to the Federal District Court for the Eastern District of California, Fresno Division;

//

1

WHEREAS, the Parties recognize the need to effectuate legitimate discovery while protecting the Parties' interests in maintaining the confidentiality of sensitive, confidential, and privileged information;

IT IS HEREBY STIPULATED AND AGREED by and between the Parties, through their undersigned attorneys, as follows:

1.      For purposes of this Order, "Document" means any written, recorded, graphic, computer generated, or videotaped matter of any nature whatsoever, in any form whatsoever, including any discovery response or excerpt thereof which is served, produced or provided by any Party to any of the other Parties in connection with the Action.

2.      "Confidential Information" means any trade secret, private employment data, medical information, and other information that should be restricted from public information. "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

3.      "Confidential Document" means any Document containing Confidential Information. A Document will be considered a Confidential Document subject to this Order if it is clearly and conspicuously labeled "Confidential" on the cover or first page of the document at the time the Document is served on or produced or provided to any other Party or if it is so designated by letter specifically identifying the Document by name, reasonable description, or Bates number.

4.      "Confidential Document" also includes any deposition testimony or exhibit which contains, discusses, or refers to Confidential Information.  The original and each copy of the transcript (including the exhibits) of each deposition taken in the Action subsequent to the date on which this Order is entered by the Court shall be marked:

> THIS DEPOSITION TRANSCRIPT (INCLUDING ANY EXHIBITS) MAY CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO AN AGREED PROTECTIVE ORDER LIMITING THE USE AND DISCLOSURE OF CERTAIN MATERIALS AND INFORMATION.

DO NOT USE, COPY OR DISCLOSE THIS TRANSCRIPT (INCLUDING EXHIBITS) WITHOUT ASCERTAINING WHETHER THE TRANSCRIPT OR EXHIBITS ARE CONFIDENTIAL DOCUMENTS OR CONTAIN CONFIDENTIAL DOCUMENTS OR CONTAIN CONFIDENTIAL INFORMATION SUBJECT TO THE PROTECTIVE ORDER.

5. If a question asked at a deposition contains or calls for Confidential Information, or if a Confidential Document is made an exhibit to the deposition transcripts, counsel for the Party with an interest in protecting such information or Confidential Document may designate the information as confidential on the record.

6. Any person (including the Parties and the persons listed in Paragraph 7, subparagraphs a through f, of this Order) receiving a Confidential Document, whether formally or informally, in connection with the Action shall not use such document, or any information contained therein, for any purpose whatsoever other than the prosecution, defense or settlement of the Action.

7. Except with the prior written consent of the Party that produced the Confidential Document or unless the Confidential Document or Confidential Information contained therein is obtained from an independent source through legitimate, lawful means, no Confidential Document and no Confidential Information contained therein may be used, disclosed or in any way communicated to any person other than the following:

    a. Any Party or counsel for any Party and any person regularly employed by such counsel;

    b. Consultants or experts retained by any Party or by their counsel, or potential witness (including deponents) who have a legitimate need for access to such Confidential Document or Confidential Information in connection with their testimony in the Action;

    c. Third parties employed by a Party or its counsel in a litigation support capacity to review, organize, encode, copy, analyze, or retrieve documents or information in connection with the Action;

    d. Deposition and trial court reporters;

    e. The Court and Court personnel; and

    f. Any other person agreed to in writing by all the Parties.

  8. Any persons described in paragraphs 7b., 7c, 7d or 7f above to whom a Party intends to deliver, exhibit or disclose any Confidential Documents of Confidential Information shall be advised of the terms of this Order, shall be given a copy of this Order and shall agree in writing in the form attached hereto as Exhibit A, to be bound by its terms.

  9. Notwithstanding any other provision of this Order, if a Party inadvertently fails to designate material or information as "Confidential," the designation may be made by notifying the Parties hereto in writing as soon as practicable after discovering the inadvertent failure to designate. After receiving such notification, the Party to whom production has been made will treat that material or information as "Confidential," subject to its right to challenge such designation in accordance with this Order.

  10. Should any non-party seek access to Confidential Documents by subpoena, request or otherwise, the recipient of the Confidential Documents, as applicable, shall give prompt written notice to the designating Party of such subpoena or request; shall object to the production of such Confidential Documents on the grounds of this Protective Order; and shall not interfere with the designating Party's own efforts in resisting any efforts by third parties to obtain Confidential Documents.  Unless within thirty (30) days of service of such notification the designating Party applies for an order from a court of competent jurisdiction precluding the receiving Party from complying with such subpoena or request, the receiving Party shall be free to produce the Confidential Documents.  If the designating Party applies for such an order, the receiving Party shall not produce the documents designated "Confidential" until after the court of competent jurisdiction rules on such application, or until the receiving Party is directed by a court of competent jurisdiction to produce the subject materials.

  11. A Party objecting to the designation of any Document or deposition testimony as "Confidential" shall first notify counsel for the Party that produced the Document or so designated the deposition testimony in writing, setting forth the specific reasons for such objection, and shall,

on the same date, serve a copy of the written notifications on each of the other Parties. Within ten (10) days of receiving such a notice, the Parties shall meet and confer regarding any objections to the designation of a Document or deposition testimony as "Confidential," and file a Joint Statement advising the Court as to any unresolved issues. Motions regarding the designation will not be permitted until the Court has considered the Joint Statement. All Parties will continue to treat any Documents or deposition testimony or exhibit with respect to which objection has been made as Confidential Documents, in accordance with this Order, until the Parties have resolved, or the Court has ruled on, the objection. The parties may retroactively designate any documents or other materials as confidential that were used in any deposition by following the procedures set forth herein.

12. Without a court order or written permission from the designating Party, a Party may not file in the public record in this Action any Confidential Documents or Confidential Information. The parties shall comply with Local Rule 141(b) of the Local Rules of this Court when seeking to file Confidential Documents or Confidential Information under seal, which provides as follows:

> **Requests to Seal**. If a party seeks to seal documents, the party shall submit, in the manner prescribed below, a "Notice of Request to Seal Documents," a "Request to Seal Documents," a proposed order, and all documents covered by the request.
>
> Except in pre-indictment criminal investigations in which sealing is sought, the "Notice of Request to Seal Documents" shall be filed electronically, or for non-electronic filers, shall be submitted on paper to the Clerk for filing by hand delivery, by same-day or overnight delivery service provided by a courier, or by U.S. Mail, and shall be served on all parties. The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the "Request to Seal Documents," proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties.
>
> Except in criminal pre-indictment matters, the "Request to Seal Documents," the proposed order, and all documents covered by the Request shall be either (1) e-mailed to the appropriate Judge or Magistrate Judge's proposed orders e-mail box listed on the Court's website, with the e-mail subject line including the case number and the statement: "Request to Seal Documents"; or (2) submitted on paper to the Clerk by hand delivery, by same-day or overnight courier, or by U.S. Mail; the envelope containing the Request, proposed order an documents shall state in a prominent manner

"Request to Seal Documents." If the Request, proposed order, and documents are delivered to the Clerk, the party seeking sealing shall submit a self-addressed, stamped envelope for return of the documents.  In either case, the Request, proposed order, and submitted documents shall not be filed at this time.

Except in matters in which it is clearly appropriate not to serve the "Request to Seal Documents," proposed order, and/or documents upon the parties, which would include criminal pre-indictment matters, all Requests, proposed orders, and submitted documents shall be served on all parties on or before the day they are submitted to the Court.  See L.R. 135.

The "Request to Seal Documents" shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.  If the Request, proposed order, and/or documents covered by the Request were submitted without service upon one or more other parties, the Request also shall set forth the basis for excluding any party from service.  The documents for which sealing is requested shall be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request.

In pre-indictment criminal investigations, unless otherwise ordered, instead of filing a "Notice of Request to Seal Documents," government counsel shall submit to the Court, with the "Request to Seal Documents," proposed order, and documents proposed for sealing, a second proposed order sanitized of any identifying information, indicating in the caption that attached documents have been approved for filing under seal, with the understanding that the sanitized order will be filed in the publicly available case file.

13. Upon good cause shown, any Party hereto may apply to the Court for relief from or modification of any provision of this Order.

14. This Order is entered solely for the purpose of facilitating discovery in this Action without unnecessarily involving the Court.  Nothing in this Order shall be deemed to have the effect of:

    a.    An admission or waiver by any Party;

    b.    Altering the confidential or proprietary or non-confidential or nonproprietary nature of any document under the terms of this Order;

    c.    Altering any existing obligation, privilege or right of any Party in the absence of this Order; or

    d.  Limiting, preventing, or having any effect on the manner in which any Confidential Document or information contained in any Confidential Document may be introduced into evidence or otherwise used at trial.

 15. This Order does not and will not govern any trial proceedings in this Action, but will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a party or third party in connection with the Action.  As to the use of Confidential

//

Documents at trial, the Parties agree to exercise good faith and act reasonably and work with the Court in an effort to protect their confidentiality.

 16. Disclosure (including production) of information that a party or third party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the producing party would be entitled in the litigation or any other federal or state proceeding.  This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court – in which event the disclosure also is not a waiver in any other Federal or State proceeding." Upon discovery by a producing party (or upon receipt of notice from another party) that he/she/it may have produced Privileged Information, the producing party shall, within ten (10) days of such discovery, request the return of such information in writing by indentifying the Privileged Information and stating the basis on which the Privileged Information should be withheld from production.  After being notified, all other parties must promptly return, sequester, or destroy the Privileged Information and any copies he/she/it has; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if

he/she/it disclosed the Privileged Information before being notified.  If any party disputes the privilege claim he/she/it shall notify the producing party of the dispute and the basis therefore in writing within thirty (30) days of receipt of the request for the return of the Privileged Information.  The parties thereafter shall meet and confer in good faith regarding the disputed claim within thirty (30) days.  In the event that the parties do not resolve their dispute, either party may bring a motion for a determination of whether a privilege applies.  If such a motion is made, the producing party shall submit to the Court for in camera review under seal a copy of the disputed information in connection with its motion papers.  The submission to the Court shall not constitute a waiver of any privilege or protection.  The producing party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved.

17. This Order shall remain in effect and shall govern the treatment and use of Confidential Documents and Confidential Information even after the above-captioned Action is resolved through settlement, non-appealable final judgment, or exhaustion of all appeals.

18. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

DATED:  October 3, 2013                    PARKER, KERN, NARD & WENZEL,
                                           Professional Corporation


                                           By:     /s/ Richard J. Kern, Esq.
                                                 RICHARD J. KERN, ESQ.

                                           Attorneys for Plaintiff, JOSHUA TAYLOR


DATED:  October 3, 2013                    HOLLAND & KNIGHT LLP


                                           By:/s/ Timothy M. Fisher, Esq. (as authorized 10/3/13)
                                                 TIMOTHY M. FISHER, ESQ.

                                           Attorneys for Defendant, TREES, INC.

**EXHIBIT A**

I, _____, do hereby acknowledge that I have read a copy of the attached Protective Order, and I agree to be bound by the terms of the order.

Dated this _____ day of _____, 20\_\_\_.

SIGNED BY:

_____

_____
(PRINT NAME)

**ORDER**

Good cause appearing, the above Stipulated Protective Order in case number 1:13-cv-1019, is hereby approved and made the Order of the Court.

IT IS SO ORDERED.

Dated:   October 4, 2013            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE
OF MATERIALS IN DISCOVERY