RICHARD J. KERN, 083485
**PARKER, KERN, NARD & WENZEL**
1111 E. Herndon, Suite 202
Fresno, California 93720
Telephone: (559) 449-2558
Facsimile:  (559) 449-2564

Attorneys for: Plaintiff JOSHUA TAYLOR

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| JOSHUA TAYLOR,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>TREES, INC. and DOES 1 to 100, inclusive,<br><br>　　　　Defendants. | Case No.: 1:13-CV-01019-AWI-MJS<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION (FAIR EMPLOYMENT AND HOUSING ACT) TO CONFORM TO PROOF**<br><br>**[JURY DEMANDED]** |

COMES NOW Plaintiff, JOSHUA TAYLOR, and alleges:

1. Plaintiff, JOSHUA TAYLOR (hereinafter "Plaintiff"), is an adult person and a resident of the County of Fresno, State of California.

2. Defendant, TREES, INC. (hereinafter "Defendant"), is a corporation organized and existing under the laws of the State of Delaware and is subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900 et seq. (hereinafter "FEHA"), in that defendant regularly employs five or more persons in the State of California and is therefore subject to suit under FEHA.

///

3. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 to 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's injuries as herein alleged were proximately caused by the aforementioned Defendants.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants was the agent and employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

5. The unlawful employment practices complained of herein occurred at TREES, INC.'s office in the City of Fresno, Fresno County, California.

6. In 2010, Plaintiff was hired by Defendant as a Utility Tree Trimmer and ultimately rose to the position of Utility Tree Trimmer II. Plaintiff held that position at all times during the events set forth herein.

7. On or about September 29, 2012, Plaintiff injured his upper back and thereafter was disabled from work commencing October 1, 2012. Plaintiff had a musculoskeletal condition that affected a major life function.

8. On or about October 9, 2012, Defendant provided Plaintiff with paperwork for leave under the Family Medical Leave Act ("FMLA") and informed Plaintiff to have his physician complete the paperwork. At that time, Defendant, through General Manager Ronnie (Ron) Collis, assured Plaintiff that his job would be safe through the FMLA. Thereafter, on October 10, 2012, FMLA paperwork was completed by Plaintiff's physician with an estimated duration of the medical condition to be six (6) to eight (8) weeks. Defendant received the completed FMLA paperwork but never provided plaintiff with notice of approval of leave nor notice of the duration of leave.

9. Thereafter, on November 16, 2012, Plaintiff received a release to return to work effective November 19, 2012. Plaintiff provided the release to return to work, with restrictions, to

///

Defendant and, thereafter, Plaintiff was advised by Defendant that he would not be allowed to return to work unless he was one hundred percent (100%) cured.

10. Thereafter, on January 8, 2013, Plaintiff received a one hundred percent (100%) work release, with no restrictions, from his physician and delivered that release on the same date, January 8, 2013, to Defendant.

11. On January 9, 2013, Plaintiff was called to Defendant's office in Fresno, California and informed that he was terminated from his position with Defendant.

12. On April 1, 2013, the California Department of Fair Employment and Housing issued a right to sue notice, a copy of which is attached hereto as Exhibit "A."

**FIRST CAUSE OF ACTION**

**Disability Discrimination - Actual and/or Perceived**
**(Cal.Gov. Code §12940(j), Title 2, California Code of Regulations §7293.5 et seq.)**

Plaintiff hereby incorporates Paragraphs 1 through 12 and further alleges:

13. Defendants, and each of them, terminated and/or constructively terminated Plaintiff based on Defendants' perception and/or awareness that Plaintiff was suffering from a disability. Defendants' refusal to return Plaintiff to work further constitutes disparate treatment in that Defendants' decision was based on the fact that Defendants, and each of them, perceived and/or was aware that Plaintiff was disabled.

14. Defendants', and each of them, discriminatory actions against Plaintiff, as alleged above, constituted unlawful employment discrimination on account of Plaintiff's perceived and/or actual disability, in violation of California Government Code Section 12940(j).

15. As a result of the conduct and discrimination set forth herein, Plaintiff has suffered and continues to suffer substantial wage and compensation losses, both past and future, substantial losses incurred in seeking and performing substitute employment and in lost earnings, bonuses, deferred compensation, and other employment benefits, all to his damage in an amount according to proof.  Furthermore, as a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional and mental distress, including, but not limited to, humiliation,

///

embarrassment, anxiety, sleeplessness, and other emotional damage, in an amount according to proof.

16. Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and with an improper motive amounting to malice in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

17. California Code of Civil Procedure Section 1201 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code Sections 12940, 12965, et seq., provide that reasonable attorneys' fees and costs are recoverable herein by the prevailing party. As a result, Plaintiff is entitled to reasonable attorneys' fees and costs.

18. Plaintiff requests attorneys' fees provided under the Fair Employment and Housing Act.

**SECOND CAUSE OF ACTION**

**Failure to Take Reasonable Steps to Prevent Disability Discrimination
(Cal.Gov. Code §12940(k))**

Plaintiff hereby incorporates Paragraphs 1 through 18 and further alleges:

19. In violation of California Government Code § 12940(k), Defendants, and each of them, failed to prevent disability discrimination by: (1) maintaining a policy that Plaintiff had to be 100% in order to return to work; (2) failing to engage in a timely, good faith, interactive process with Plaintiff; (3) failing to provide Plaintiff with a reasonable accommodation; (4) terminating Plaintiff's employment for use of and/or attempted use of FMLA/CFRA leave; and (5) failing to adhere to corporate's Return to Work policies. Defendant failed to take all reasonable steps to prevent disability discrimination.

20. As a result of the conduct and discrimination set forth herein, Plaintiff has suffered and continues to suffer substantial wage and compensation losses, both past and future, substantial losses incurred in seeking and performing substitute employment and in lost earnings, bonuses, deferred compensation, and other employment benefits, all to his damage in an amount according

to proof. Furthermore, as a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer severe emotional and mental distress, including, but not limited to, humiliation, embarrassment, anxiety, sleeplessness, and other emotional damage, in an amount according to proof.

21. Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and with an improper motive amounting to malice in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

22. California Code of Civil Procedure Section 1201 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code Sections 12940, 12965, et seq., provide that reasonable attorneys' fees and costs are recoverable herein by the prevailing party. As a result, Plaintiff is entitled to reasonable attorneys' fees and costs.

23. Plaintiff requests attorneys' fees provided under the Fair Employment and Housing Act.

### THIRD CAUSE OF ACTION

**Failure to Engage in the Interactive Process**
**(Cal. Gov. Code § 12940(n); (*Wysinger v. Automobile Club of America* (2007) 157 Cal.App.4th 413)**

Plaintiff hereby incorporates Paragraphs 1 through 23 and further alleges:

24. In violation of California Government Code § 12940(n), Defendants, and each of them, did not engage in a timely, good faith, interactive process with Plaintiff to determine whether effective reasonable accommodations, if any, were available and/or feasible when Plaintiff returned to work on November 16, 2012 from a period of disability.

25. As a result of the conduct and discrimination set forth herein, Plaintiff has suffered and continues to suffer substantial wage and compensation losses, both past and future, substantial losses incurred in seeking and performing substitute employment and in lost earnings, bonuses, deferred compensation, and other employment benefits, all to his damage in an amount according to proof. Furthermore, as a proximate result of Defendants' conduct, Plaintiff has suffered and will

continue to suffer emotional and mental distress, including, but not limited to, humiliation, embarrassment, anxiety, sleeplessness, and other emotional damage, in an amount according to proof.

26. Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and with an improper motive amounting to malice in conscious disregard of Plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

27. California Code of Civil Procedure Section 1201 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute. Government Code Sections 12940, 12965, et seq., provide that reasonable attorneys' fees and costs are recoverable herein by the prevailing party. As a result, Plaintiff is entitled to reasonable attorneys' fees and costs.

28. Plaintiff requests attorneys' fees provided under the Fair Employment and Housing Act.

**FOURTH CAUSE OF ACTION**

**Failure to Accommodate**
**(Cal. Gov. Code § 12940(m); (*Hanson v. Lucky Stores, Inc.* (1999) 74 Cal.App.4th 215)**

Plaintiff hereby incorporates Paragraphs 1 through 28 and further alleges:

29. In violation of California Government Code § 12940(m), Defendants, and each of them, failed to make reasonable accommodations for the known and/or perceived disability of Plaintiff.

30. As a result of the conduct and discrimination set forth herein, Plaintiff has suffered and continues to suffer substantial wage and compensate losses, both past and future, substantial losses incurred in seeking and performing substitute employment and in lost earnings, bonuses, deferred compensation, and other employment benefits, all to his damage in an amount according to proof. Furthermore, as a proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer emotional and mental distress, including, but not limited to, humiliation,

///

embarrassment, anxiety, sleeplessness, and other emotional damage, in an amount according to proof.

31.     Defendants, and each of them, committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff and with an improper motive amounting to malice in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

32.     California Code of Civil Procedure Section 1201 provides that attorneys' fees are recoverable in an action for which they are specifically provided by statute.  Government Code Sections 12940, 12965, et seq., provide that reasonable attorneys' fees and costs are recoverable herein by the prevailing party.  As a result, Plaintiff is entitled to reasonable attorneys' fees and costs.

33.     Plaintiff requests attorneys' fees provided under the Fair Employment and Housing Act.

**FIFTH CAUSE OF ACTION**

**Interference and Retaliation in Violation of Substantive Rights
Pursuant to the California Family Rights Act ("CFRA")
(Cal. Gov. Code § 12945.2; and the Family Medical Leave Act ("FMLA")
Title 2, California Code of Regulations § 7297, et seq.)**

Plaintiff hereby incorporates Paragraphs 1 through 33 and further alleges:

34.     The FMLA creates two "interrelated substantive rights for employees" of covered employers. (*Xin Liu v. Amway Corp.* 347 F.3d 1125, 1132 (9th Cir. 2003))  First, an employee has the right to take up to twelve (12) weeks of leaves during any twelve (12) month period for reasons specified by statute 29 U.S.C. § 2612(a).  Second, an employee who takes FMLA leave has the right, upon return from leave, to be restored to his or her original position or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment (§ 2614(a)).  To protect these rights and the exercise of them, the FMLA prohibits certain acts *(See* § 2615). In pertinent part, § 2615(a)(1) makes it unlawful for an employer "to interfere with, restrain, or deny the exercise of, or the attempt to exercise, any right provided under this chapter."

///

35. Under the FMLA, it is unlawful for an employer to "use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." *(Bachelder v. Am. W. Airlines, Inc., 259 F.3d. 1112, 1122 (9th Cir. 2001) (*quoting 29 C.F.R. § 825.220(c)) Under Ninth Circuit case law, if an employer uses an employee's taking of FMLA leave as a "negative factor" in making "adverse employment decisions," including hiring, promotions, or disciplinary actions, the employer interferes with the employee's exercise of FMLA rights in violation of § 2615(a)(1) (*Id. at 1122-23; see also Liu, 347 F.3d at 1122 n.7).* "In this circuit...we have clearly determined that 2615(a)(2) applies to employees who oppose employer practices made unlawful by FMLA, whereas, 2615(a)(1) applies to employees who simply take FMLA leave and as a consequence are subjected to unlawful actions by the employer." *(Foraker v. Apollo Group, Inc.* 427 F. Supp. 2d 936, 940 (D. Ariz. 2006)).

36. Under the CFRA and the FMLA, Defendant is a "covered employer" and Plaintiff is an "eligible employee." Defendants, and each of them, were aware that Plaintiff suffered from a serious medical condition, yet denied Plaintiff's right to CFRA leave and FMLA leave. Further, Defendant failed to either approve the FMLA leave and additionally failed to notify Plaintiff of the date upon which leave was to expire thereby effectively denying plaintiff the benefit of such leave. As a result of Defendants', and each of them, denial of Plaintiff's right to CFRA leave and FMLA leave, Plaintiff was denied his right to reinstatement of employment.

37. As a proximate result of Defendants', and each of them, violation of Plaintiff's entitlement to CFRA/FMLA benefits, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, benefits, and additional amounts of money Plaintiff would have received if he had been returned to work upon a release allowing Plaintiff to return to work. As a result thereof, Plaintiff has suffered damages in an amount according to proof.

38. As a further proximate result of Defendants', and each of them, violation of Plaintiff's entitlement to CFRA/FMLA benefits, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered damages of humiliation, mental anguish, and emotional distress, in an amount according to proof.

///

39. The above-recited actions of Defendants, and each of them, were done with malice, fraud, or oppression, and in reckless disregard of Plaintiff's rights under the FEHA, FMLA, and CFRA. Specifically, Defendants, and each of them, violated Plaintiff's rights to CFRA/FMLA benefits, with a willful and conscious disregard of a release allowing Plaintiff to return to work, in retaliation for Plaintiff filing a disability discrimination claim against Defendants, and each of them, and in retaliation based upon perceived or actual disability.

40. Plaintiff requests attorneys' fees provided under the Fair Employment and Housing Act.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For back pay, front pay, and other monetary relief according to proof;
2. For general damages according to proof;
3. For punitive damages in an amount appropriate to punish Defendants, and each of them, for their wrongful conduct and set an example for others;
4. For interest on the sum of damages awarded, calculated from December 1, 2012 to the date of judgment;
5. For reasonable attorneys' fees pursuant to Government Code Section 12965(b);
6. For costs of suit herein incurred; and
7. For such other and further relief as the Court deems proper.

DATED: July 14, 2014                                    PARKER, KERN, NARD & WENZEL
                                                        Professional Corporation


                                                        By : _____
                                                            RICHARD J. KERN, ESQ.
                                                            Attorneys for Plaintiff JOSHUA TAYLOR