UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TAYLOR,<br><br>        Plaintiff<br><br>        v.<br><br>TREES, INC.,<br><br>        Defendant | CASE NO. 1:13-CV-1019 AWI MJS<br><br>ORDER CLOSING CASE IN LIGHT OF STIPULATION OF DISMISSAL WITH PREJUDICE |

On December 11, 2014, the parties filed a stipulation for dismissal of this action with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1). See Doc. No. 64.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. See Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro.

41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999).

As the parties have filed a stipulation for dismissal of this case with prejudice under Rule 41(a)(1), this case has terminated.  See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077.

Therefore, IT IS HEREBY ORDERED that the Clerk shall CLOSE this case in light of the parties' voluntary dismissal with prejudice of this matter under Rule 41(a)(1).

IT IS SO ORDERED.

Dated:   December 11, 2014                    _____
                                               SENIOR  DISTRICT  JUDGE